IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CAMILLE P. JORDAN,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00097-KD-B |
| | * |
| **TJX d/b/a T.J. Maxx,** | * |
| | * |
| Defendant. | * |

**ORDER**

This action is before the Court on review. Plaintiff Camille P. Jordan ("Jordan"), who is proceeding without an attorney (*pro se*), filed a complaint against Defendant TJX d/b/a T.J. Maxx ("T.J. Maxx")[1] and paid the filing fee for a civil action. (Doc. 1). After conducting a preliminary review, the Court finds that Jordan's complaint is an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure and fails to provide adequate notice of her claims and the factual grounds on which

---

[1] Jordan lists the Defendant's name as "TJX dba T.J. Maxx" in the caption of her complaint and as "T.J. Maxx" in the body of her complaint. (Doc. 1 at 1). However, a search of the Alabama Secretary of State's Business Entity Records reveals no entity registered to do business in Alabama under the name "TJX" or "T.J. Maxx." Rather, it appears that T.J. Maxx may be a fictitious name for The TJX Companies, Inc. Jordan is hereby cautioned that she will have to identify and name a proper legal entity in her amended complaint in order to perfect service of process on the corporate Defendant.

they rest. It is therefore necessary for Jordan to replead her claims in an amended complaint.

I. **COMPLAINT**

In her complaint,[2] Jordan indicates that she is bringing this action for employment discrimination based on a physical disability in violation of the Americans with Disabilities Act ("ADA"). (Doc. 1 at 2-3). Jordan indicates that she worked for T.J. Maxx at its store in Daphne, Alabama from April 2018 to May 24, 2024. (Id. at 1-2). Jordan indicates that the "acts complained of in this suit concern" the "[t]ermination of [her] employment" with T.J. Maxx on May 24, 2024. (Id.). Jordan states that she filed charges with the Equal Employment Opportunity Commission ("EEOC") regarding T.J. Maxx's alleged discriminatory conduct on or about November 14, 2024, and she attaches copies of her EEOC charge and a right-to-sue letter dated December 9, 2024. (Doc. 1 at 3; Doc. 1-1 at 10, 27).[3] When prompted on the complaint form to describe how T.J. Maxx discriminated against her, Jordan states only: "Violation of Rights Under the ADA Amendments Act of 2008. (ADAAA)." (Doc. 1 at 3). For relief, Jordan requests "[r]ecovery of back pay." (Id.).

---

[2] Jordan uses this Court's form complaint for civil actions alleging employment discrimination. (See Doc. 1).

[3] Jordan also attaches various other EEOC case documents relating to her charge number 425-2025-00277. (See Doc. 1-1).

## II. LEGAL STANDARDS

### A. Federal Rules of Civil Procedure 8 and 10

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). Although no technical pleading form is required, each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P.

8(d)(1). Relatedly, Rule 10(b) mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b).

These rules "work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted). Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four general types or categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of

action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

### B. *Pro Se* Litigation

Although courts must liberally construe *pro se* pleadings and hold them to less stringent standards than formal pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), this does not give a court license to act as counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). A *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

#### A. Jordan's Complaint is Deficient

Upon review, the Court finds that Jordan's complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure and fails to provide adequate notice of her claims and their underlying

factual grounds. Most fundamentally, Jordan's complaint is defective because it lacks any direct factual allegations against T.J. Maxx and rests solely on a bare, unsupported assertion: that T.J. Maxx discriminated against Jordan because of her physical disability in violation of the ADA. This conclusory assertion, standing alone, is utterly insufficient to provide adequate notice of the claim(s) Jordan is raising under the ADA and the factual grounds on which her claim or claims rest.

To the extent Jordan relies on her EEOC charge or other attachments to the complaint as a substitute for factual allegations in the body of the complaint, this form of pleading is improper. First, it violates Rule 8, which requires that a complaint contain "a short and *plain statement* of the claim showing that the pleader is entitled to relief," and that each allegation in a complaint "must be simple, concise, and *direct*." See Fed. R. Civ. P. 8(a)(2) & 8(d)(1) (emphasis added). Second, it violates Rule 10(b), because the EEOC charge on which Jordan arguably relies is not broken up into numbered paragraphs each limited as far as practicable to a single set of circumstances. See Fed. R. Civ. P. 10(b). This manner of pleading prevents the Court and T.J. Maxx from accurately discerning which claim(s) for relief Jordan is asserting, and which factual allegations are intended to support each claim (to the extent more than one claim is being asserted).

6

It also hinders T.J. Maxx's ability to admit or deny pertinent allegations and frame a meaningful response to the complaint.

Although it is not clear from her barebones complaint, Jordan's EEOC charge suggests that she may be raising claims against T.J. Maxx for disparate treatment disability discrimination *and* for failure to reasonably accommodate her disability. (See Doc. 1-1 at 10).

> An ADA discrimination claim can be based on either a conventional "disparate treatment" theory, or a theory that the defendant failed to make "reasonable accommodations," or both. Disparate treatment involves discriminatory intent and occurs when a disabled person is singled out for disadvantage because of her disability. By contrast, a failure to make reasonable accommodations claim requires no animus and occurs when a covered entity breaches its affirmative duty to reasonably accommodate the known physical or mental limitations of an otherwise qualified person. This is because the ADA not only protects against disparate treatment, "it also creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation.'"

Forbes v. St. Thomas Univ., Inc., 768 F. Supp. 2d 1222, 1227 (S.D. Fla. 2010) (citations omitted); see also Parsons v. First Quality Retail Servs., LLC, 2012 U.S. Dist. LEXIS 6823, at *13, 2012 WL 174829, at *5 (M.D. Ga. Jan. 20, 2012) (explaining that "the basis for a failure to accommodate claim is that an employer, because of a particular employee's needs as a disabled individual, is *required* to treat that individual differently than other employees," whereas in a disparate treatment disability discrimination claim,

7

"the plaintiff is seeking relief *because* he has been treated differently based on his status as a disabled individual") (emphasis in original).

Thus, "a disparate treatment disability discrimination claim is conceptually different than a failure to accommodate claim, and they are essentially inapposite." Id.; see also Hart v. Bear Staffing Servs., Inc., 2021 U.S. Dist. LEXIS 81193, at *5 n.3, 2021 WL 1662766, at *2 n.3 (M.D. Fla. Apr. 28, 2021) (noting that "a failure to accommodate claim under the ADA has separate and distinct elements from a discriminatory discharge claim"). Because they are based on different theories of liability, claims under the ADA for disparate treatment disability discrimination[4] and denial of reasonable accommodation[5] must be raised in separate

---

[4] "To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest '(1) that [she] suffers from a disability, (2) that [she] is a qualified individual, and (3) that a "covered entity" discriminated against [her] on account of [her] disability.'" Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting Cramer v. Florida, 117 F.3d 1258, 1264 (11th Cir. 1997)). A disability is defined under the ADA as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "For purposes of the ADA, a qualified individual is one 'who, with or without reasonable accommodation, can perform the essential functions' of her employment." Surtain, 789 F.3d at 1246 (quoting 42 U.S.C. § 12111(8)).

[5] To state a claim for failure to accommodate under the ADA, a plaintiff must allege sufficient facts to plausibly suggest "that:

counts.  See, e.g., Hausberg v. Wilkie, 2021 U.S. Dist. LEXIS 171918, at *5, 2021 WL 4133739, at *2 (M.D. Fla. Sept. 10, 2021) (dismissing count that asserted "claims for both disability discrimination (or disparate treatment) and denial of reasonable accommodation . . . with leave to amend for violating the shotgun pleading rule"); Hart, 2021 U.S. Dist. LEXIS 81193, at *3-4, 2021 WL 1662766, at *2 (finding that complaint was "a shotgun pleading in that it [did] not separate two distinct legal claims—failure to accommodate and discriminatory discharge, both under the ADA").

As noted above, Jordan's EEOC charge appears to invoke more than one theory of liability under the ADA.  However, Jordan's complaint fails to specify what type of claim or claims she is raising under the ADA in this civil action, and it is not clear from the complaint whether Jordan intends to assert a disparate treatment disability discrimination claim, a failure to accommodate claim, or both (or any other type of claim under the ADA).  (See Doc. 1).  To the extent Jordan intends to assert more than one type of claim under the ADA, she fails to plead her discrete claims for relief in separate counts as required and fails

---

(1) [she] is disabled; (2) [she] is a qualified individual, meaning able to perform the essential functions of the job; and (3) [she] was discriminated against because of [her] disability by way of the defendant's failure to provide a reasonable accommodation." Russell v. City of Tampa, 652 F. App'x 765, 767 (11th Cir. 2016) (per curiam).

to specify which factual allegations are intended to support which claims for relief. Thus, Jordan's complaint falls into the third shotgun pleading category identified by the Eleventh Circuit in Weiland.

### B.  Order to Amend

When presented with a deficient shotgun pleading such as Jordan's initial complaint in this case, a district court should take the initiative to dismiss or strike the pleading and give the party an opportunity to replead her case. Weiland, 792 F.3d at 1321 n.10. "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018). When a plaintiff fails to make meaningful modifications to her shotgun complaint after being ordered to do so, the court may dismiss the case under the authority of either Federal Rule of Civil Procedure 41(b) or the court's inherent power to manage its docket. Weiland, 792 F.3d at 1321 n.10.[6]

Accordingly, Jordan's complaint (Doc. 1) is **STRICKEN** as an impermissible shotgun pleading. Jordan is **GRANTED LEAVE** to file

---

[6] A *pro se* plaintiff must generally be given at least one chance to remedy her complaint's deficiencies before her action can be dismissed *sua sponte* on shotgun pleading grounds. Nezbeda v. Liberty Mut. Ins. Corp., 789 F. App'x 180, 183 (11th Cir. 2019) (per curiam).

an amended complaint on or before **April 11, 2025.** Jordan's amended complaint must plead her claims with sufficient specificity to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure, and it must address and correct the pleading deficiencies outlined in this order. This includes, but is not limited to, clearly and separately identifying each cause of action or claim for relief she is asserting (e.g., disparate treatment disability discrimination, failure to accommodate, etc.); specifying which alleged acts of discrimination fall under each cause of action or claim for relief asserted; and making clear which factual allegations are intended to support which causes of action or claims for relief (to the extent more than one cause of action or claim for relief is asserted).[7]

The Court reiterates to Jordan that a complaint must contain enough factual matter to state a facially plausible claim for relief. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each

---

[7] Jordan may attach copies of her EEOC charge of discrimination and right-to-sue letter as exhibits to her amended complaint, and she may refer to these exhibits in her amended complaint, but she may not rely on the contents of these documents to convey the nature or factual basis of her claims in this civil action.

essential element of her claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Jordan is informed that her amended complaint will replace her original complaint. Therefore, the amended complaint shall not reference or seek to incorporate by reference her prior complaint. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against her adversary when an amended complaint is filed).

Jordan is hereby **cautioned** that if she does not file an amended complaint within the ordered time, or if she files an amended complaint that fails to fully address and correct the deficiencies in the original complaint that are described in this order, the undersigned will recommend that this action be dismissed.

The Clerk is **DIRECTED** to send a copy of the original complaint and exhibits (Docs. 1, 1-1) to Jordan for her reference, along

with a copy of this Court's Pro Se Litigant Handbook. Jordan is encouraged to review the handbook carefully and utilize it in drafting an amended complaint, so as to avoid repetition of the pleading deficiencies identified herein.

**ORDERED** this **12th** day of **March, 2025.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**