```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| CAMILLE P. JORDAN, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00097-KD-B |
| | * |
| TJX d/b/a T.J. Maxx, | * |
| | * |
|     Defendant. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review.[1] On March 7, 2025, Plaintiff Camille P. Jordan ("Jordan"), who is proceeding without an attorney (*pro se*), filed a complaint against Defendant TJX d/b/a T.J. Maxx ("T.J. Maxx") and paid the filing fee for a civil action. In her complaint,[2] Jordan indicated that she was suing T.J. Maxx for employment discrimination based on a physical disability in violation of the Americans with Disabilities Act ("ADA"). (Doc. 1). Jordan indicated that the "acts complained of in this suit" concerned the "[t]ermination of [her] employment" with T.J. Maxx on May 24, 2024. (Id. at 1-2). When prompted on her complaint form to describe how T.J. Maxx discriminated against her, Jordan

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

[2] Jordan used this Court's form complaint for civil actions alleging employment discrimination. (See Doc. 1).

1

stated: "Violation of Rights Under the ADA Amendments Act of 2008. (ADAAA)."  (Id. at 2-3).  For relief, Jordan requested "[r]ecovery of back pay."  (Id. at 3).

In an order dated March 12, 2025, the Court found that Jordan's complaint was a deficient shotgun pleading for three primary reasons.  (Doc. 3).  First, the Court noted that Jordan's complaint was completely devoid of any factual allegations to support any claim.  (Id. at 6).  Instead, the complaint rested solely on Jordan's bare, unsupported assertion that T.J. Maxx discriminated against her because of her physical disability in violation of the ADA.  (Id.).  The Court explained that this "conclusory assertion, standing alone, [was] utterly insufficient to provide adequate notice of the claim(s) Jordan [was] raising under the ADA and the factual grounds on which her claim or claims rest[ed]."  (Id.).  Second, the Court noted that Jordan appeared to rely on the EEOC documents attached to her complaint "as a substitute for factual allegations in the body of the complaint." (Id.).  The Court explained that "this form of pleading [was] improper" because it violated Rules 8 and 10 of the Federal Rules of Civil Procedure and prevented the reader "from accurately discerning which claim(s) for relief Jordan [was] asserting, and which factual allegations [were] intended to support each claim." (Id.).  Third, the Court noted that Jordan's attached EEOC charge appeared to invoke more than one theory of liability under the

2

ADA, but her complaint failed to plead claims based on these discrete theories in separate counts as required by Federal Rule of Civil Procedure 10(b). (Id. at 7-10).

The Court struck Jordan's complaint as an impermissible shotgun pleading but granted Jordan leave to file an amended complaint that addressed and corrected the noted deficiencies on or before April 11, 2025. (Id. at 10-11). The Court cautioned Jordan that if she did not file an amended complaint on or before the deadline of April 11, 2025, the undersigned would recommend that this action be dismissed. (Id. at 12). The Court directed the Clerk to send Jordan a copy of her original complaint and exhibits for her reference, along with a copy of this Court's Pro Se Litigant Handbook. (Id. at 12-13). The Court encouraged Jordan to review the Pro Se Litigant Handbook carefully and utilize it in drafting an amended complaint, so as to avoid repetition of her pleading errors. (Id. at 13).[3]

To date, Jordan has not filed an amended complaint, despite being ordered to do so no later than April 11, 2025. Jordan has not requested additional time to file an amended complaint, she

---

[3] The Court also noted that Jordan listed the Defendant's name as "TJX dba T.J. Maxx" in the caption of her complaint and as "T.J. Maxx" in the body of her complaint, but a search of the Alabama Secretary of State's Business Entity Records revealed no entity registered to do business in Alabama under the name "TJX" or "T.J. Maxx." (Doc. 3 at 1 n.1). The Court cautioned Jordan that her amended complaint needed to identify and name a proper legal entity as the Defendant. (Id.).

3

has not indicated that she is unable to comply with the Court's order, and she has provided no explanation for her failure to timely file an amended complaint as directed. Additionally, the docket does not reflect that any orders or documents mailed to Jordan in this case have been returned to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863

4

F.2d 835, 837 (11th Cir. 1989).

As noted previously, Jordan has apparently made no attempt to comply with the Court's order directing her to file an amended complaint on or before April 11, 2025, despite the Court's clear warning that her failure to file an amended complaint within that time would result in a recommendation that this action be dismissed. Jordan's failure to comply with or otherwise respond to this Court's order to file an amended complaint suggests that she has abandoned the prosecution of this action. In light of Jordan's evidently willful failure to prosecute this action and to obey this Court's order by filing an amended complaint as directed, it is recommended that this action be **DISMISSED without prejudice**, as it appears no lesser sanction will suffice to induce her compliance with the Court's directives.[4]

---

[4] The undersigned recognizes that dismissal of Jordan's action without prejudice at this time will more than likely be tantamount to a dismissal with prejudice. See Cogan v. Allianz Life Ins. Co. of N. Am., 592 F. Supp. 2d 1349, 1355 (N.D. Ala. 2008) ("[T]he dismissal 'without prejudice' of an action barred by the statute of limitations is tantamount to a dismissal 'with prejudice'.") (citation omitted). That is, since the dismissal would occur more than ninety days after Jordan received her right-to-sue letter from the EEOC, Jordan's ADA claims "that the court dismisse[s] without prejudice [will be] time-barred and cannot be refiled." See Hill v. N. Mobile Nursing & Rehab., 2024 U.S. App. LEXIS 32092, at *3, 2024 WL 5155753, at *2 (11th Cir. Dec. 18, 2024) (per curiam). Nevertheless, the undersigned submits that dismissal without prejudice is an appropriate sanction because Jordan has willfully failed to comply with the Court's order to file an amended complaint correcting her shotgun pleading errors, and it does not appear that any lesser sanction will suffice to induce her compliance.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **May, 2025.**

                                            **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**